## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

*Michelle A. Wojciechowski,*

     Plaintiff,

v.                                            Case No.:

*City of New Port Richey, Timothy Driscoll, and Charles Morgan,*

     Defendants.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

The undersigned law firm files this lawsuit on behalf of *Michelle A. Wojciechowski* who is suing the *City of New Port Richey ("NPR")*, *Timothy Driscoll*, and *Charles Morgan*, and makes the following allegations in support of her petition for monetary damages and equitable relief against these three parties:

### PRELIMINARY STATEMENT

1. Wojciechowski files this lawsuit because her civil rights, among other things, were violated by the three named defendants and several others not named in this lawsuit who were employed by NPR and who participated in the reviling, reprehensible, and repugnant behavior described in this pleading.

2. This lawsuit seeks monetary compensation for the financial,

emotional, and psychological harm that Wojciechowski endured, in addition to seeking injunctive relief against future retaliation, and ultimately, Wojciechowski will ask the Court for punitive damages at trial due to the Defendants' intentionally egregious and vicious behavior.

## PARTIES

3.      Michelle A. Wojciechowski is an individual that is domiciled in Newport, which is in Cocke County, Tennessee.

4.      At all times material hereto, Wojciechowski owned real property located at 5445 Gulf Drive, New Port Richey, Florida (the "Gulf Drive Property"), which is the property at the core of the malicious and unlawful conduct that is the subject of this lawsuit.

5.      The City of New Port Richey ("NPR") is a Florida Municipal Corporation organized and existing under the laws of the State of Florida, with the capacity to sue and be sued.  NPR is located in Pasco County, Florida.

6.      Timothy Driscoll is an individual that resides in St. Petersburg, which is in Pinellas County, Florida.  Driscoll owns and operates his own law practice (the Driscoll Law Firm) and is under contract with NPR to serve as its City Attorney, to provide a wide range of legal services to  NPR for the benefit of the citizens of NPR.

7.      Charles Morgan is an individual that resides in NPR.  Morgan is an employee of NPR employed in the capacity of a code enforcement officer.

## JURISDICTION AND VENUE

8.      Wojciechowski avers that venue is proper in the United States District Court for the Middle District Court of Florida (Tampa Division) because the acts and omissions giving rise to the claims alleged in this lawsuit occurred in Pasco County, Florida, which is within the geographical boundary of this District.

9.      Wojciechowski avers, for the purposes of subject matter jurisdiction, that she is seeking compensatory damages in an amount greater than $1,000,000.00, exclusive of interest, attorneys' fees, and costs, etc.

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as several of the claims asserted in this lawsuit arise under the laws of the United States of America, including 42 U.S.C. § 1983.

11.     This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as complete diversity exists between herself and the defendants – Wojciechowski is domiciled in the State of Tennessee and the three defendants are domiciled in the State of Florida.

12.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of law, of rights, privileges, or immunities secured by the Constitution of the United States and 28 U.S.C. § 1367 which provides supplemental jurisdiction over state laws.

13.     Wojciechowski further avers that this Court has supplemental jurisdiction over the state law claims under 18 U.S.C. § 1367, as the state law

claims share all common operative facts with the federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial, efficiency, economy, and fairness.

14.     All conditions precedent to the filing of this action, including those set forth in Fla. Stat. § 768.28(6)(a), have occurred, accrued, or have been waived as a matter of law, and all administrative remedies, to the extent they apply to any of the causes of actions, have been exhausted in full.

## **BACKGROUND INFORMATION PERTINENT TO ALL CLAIMS**

15.     Wojciechowski is a licensed psychiatric-mental health nurse practitioner. On November 16, 2020, she purchased the subject property located at 5445 Gulf Drive, New Port Richey, Florida (the "Gulf Drive Property") with the objective of using the space to open a psychiatric and mental health therapy practice, given that it is in an ideal area for Wojciechowski to obtain and service clients.

16.     NPR's records list the Gulf Drive Property as an "office/ residence", therefore, Wojciechowski purchased the Property based on the understanding that it could be used as an office and/ or residence.

17.     The Gulf Drive Property required some repairs, painting and clean up before it could be used.

18.     Once Wojciechowski closed on the property and relocated to the area, she started the process of cleaning up the property.

19.     Once she was prepared to move forward with opening her practice,

Wojciechowski spoke with Tammy Ledford, a Permit Technician at the NPR's Building Department, regarding NPR's requirements for opening a business because she wanted to ensure that she complied with all of NPR's requirements for operating her business.

20.     Wojciechowski told Ledford that she planned to open a mental health therapy practice at the Gulf Drive Property, and asked her what permits, fees, etc. were needed to open her practice.

21.     Ledford responded negatively to Wojciechowski's request for information, and instead of providing her with the necessary information, Ledford told her that "methadone clinics" were not welcome in NPR and refused to provide Wojciechowski with a clear and direct answer regarding NPR's requirements for opening a business - essentially refusing to speak with her further about the issue.

22.     Wojciechowski was taken aback by Ledford's attitude and remarks since there was no mention of opening a methadone clinic. Wojciechowski simply mentioned the fact that she wanted to provide mental health counseling for clients and wanted to make sure she had the proper permits and licenses from NPR.

23.     Shortly after her conversation with Ledford, Wojciechowski received her first of many attacks from NPR Officials.

24.     On October 26, 2021, Morgan cited Wojciechowski with a code violation for using "commercial property" as a residence, despite the fact

5

that Gulf Drive Property was not being used as a residence at that time.

25.     In fact, the Gulf Drive Property was vacant at the time because Wojciechowski resided elsewhere, and she had not opened her practice yet because of Ledford's failure to provide her with the permits and information needed to start her practice.

26.     Morgan's citation on October 26, 2021, was the first of many citations Wojciechowski would receive for alleged code violations (which will be discussed in more detail in the individual claims below).

27.     Wojciechowski made numerous attempts to speak to NPR Officials, including NPR City Manager, Debbie Manns, and employees from the Building Department and Code Enforcement, about how to resolve the alleged code violations and how to get her practice properly permitted and licensed so she could open her business.

28.     Despite her diligence, Wojciechowski's attempts were ultimately not successful - scheduled meetings were canceled, telephone calls and email messages not returned, and Morgan would not communicate with her about resolving the alleged code violations.

29.     Instead of working with Wojciechowski to resolve the alleged code violations, NPR went on a crusade to revile, torment, and intimidate Wojciechowski and took active measures to hinder her use and enjoyment of the Gulf Drive Property, and ultimately force her to leave NPR.

30.     Wojciechowski responded by speaking out about the unlawful

actions of NPR employees at city council meetings and in other public forums, hoping to inspire someone from NPR to speak with her to address the issues and allow her to continue her business in peace.

31.    As explained below, NPR attacked and retaliated against Wojciechowski for exercising her First Amendment right to free speech by citing her with a multitude of unsubstantiated code violations.

32.    Not only did the Defendants cite Wojciechowski with unfounded code violations, but they also tried to have Wojciechowski *criminally* prosecuted based on the alleged civil code violations.  *See State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000038-MOAXWS, (Pasco Cty. Ct. 2022); *State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000039-MOAXWS, (Pasco Cty. Ct. 2022); *State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000102-MOAXWS, (Pasco Cty. Ct. 2022); *State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000103-MOAXWS, (Pasco Cty. Ct. 2022); *State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000114-MOAXWS (Pasco Cty. Ct. 2022); and *State of Florida v. Michelle Wojciechowski*, Case No. 2022- MO-000190-MOAXWS, (Pasco Cty. Ct. 2022).

33.    Defendants filed several lawsuits against Wojciechowski without probable cause, and when she hired an attorney to defend herself, the Defendants had to withdraw and dismiss their claims against Wojciechowski because they knew they could not prove said claims and were cognizant of

the consequences of moving forward with frivolous lawsuits.

34.    Defendants also used the alleged code violations to unlawfully obtain an illegal and unconstitutional inspection warrant to search the Gulf Drive Property at a time when they knew Wojciechowski would not be present to observe their ruthless and unconstitutional conduct.

35.    On March 16, 2022, the Defendants (lead by Driscoll and Morgan) forcibly broke into the Gulf Drive Property with guns drawn and proceeded to search the property without probable cause. Before breaking into the Gulf Drive Property, the Defendants were observed searching through the trash cans on Wojciechowski's property.[1]



_____

[1] Security tape footage and body cam footage from the officers involved in this spurious operation show Driscoll and others rummaging through the trash receptacles outside of the Gulf Drive Property, apparently searching for drugs, narcotics, etc. as there would be no basis for them to search trash cans for an alleged (civil) code violation related to the interior of the property. Clearly, this was an abuse of a civil inspection warrant to conduct a criminal search of Wojciechowski's property.

36.     Defendants used this unlawful inspection warrant to conduct an illegal and unauthorized criminal search of the interior of the building in what appears to be a search for illegal drugs, narcotics, etc. under the guise of needing to search the building in relation to a minor civil code violation.

37.     Security tape footage of the break in (and body cam footage from the officers involved) shows law enforcement officers with guns drawn contemplating killing Wojciechowski's dogs who were in the building.

38.     Videotape footage also shows police officers, Driscoll, several firemen, and others illegally handling and searching through Wojciechowski's personal property, including jewelry, boxes, books, furniture and other personal effects in the building, which is illegal and unconstitutional, and which far exceeds the limits of the unlawful inspection warrant that Driscoll improperly procured to conduct this criminal investigation under the guise of searching for a minor code infraction.

39.     NPR selectively enforced its codes against Wojciechowski and went as far as adopting and/ or amending codes and ordinances with the specific intent of harming Wojciechowski and obstructing her from using the Gulf Drive Property.  As explained herein, Wojciechowski was ultimately forced to leave NPR out of fear of further reprisal.

40.     Defendants also threatened, harassed, stalked, and intimidated Wojciechowski in an effort to prevent her from speaking out about NPR's

unlawful actions.

41.    On numerous occasions, Wojciechowski put NPR on notice of the misconduct of its agents and employees, and their lack of training and qualifications to perform their job duties.

42.    Wojciechowski filed grievances and written complaints and spoke at City Council meetings about the misconduct of code enforcement officers, Driscoll, and other city officials.

43.    However, instead of investigating and addressing the alleged misconduct through disciplinary measures and/ or additional training and supervision, NPR condoned and even encouraged the unlawful behavior of its agents and employees by awarding them with performance raises despite their reported misconduct.

44.    NPR officials made it clear that Wojciechowski's grievances were not appreciated and that she was not welcome in the City.

45.    In fact, NPR's Mayor, Robert Marlowe, publicly stated at a City Council Meeting that Wojciechowski and others like her should "just go away".

## COUNT I: 42 U.S.C. § 1983 – UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT

46.    Wojciechowski reasserts and realleges each and every allegation in Paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

47.    This is an action against NPR and Driscoll for the unlawful search

and seizure of the Wojciechowski's property, in violation of the Fourth Amendment of the United States Constitution, by and through 42 U.S.C. § 1983.

48.    At all times material hereto, Driscoll, Morgan, Code Enforcement Supervisor, Erik Jay, Code Enforcement Inspector, Alec Remiesiewicz, Police Corporal, Karen Norris, Code Enforcement Officer, Lisa Byington, Police Sergeant, Greg Williams, Police Corporal, Joe Ioppolo, Police Detective, Ed Campbell, Police Officer, Todd Gee, Assistant Fire Chief, Adam Darling, City Planner, Chris Bowman, and City Building Official,  Dave Gilson, were employees and/or agents of NPR, and were acting  within the course and scope of their employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of NPR.

49.    On or about February 16, 2022, Jay and Remiesiewicz unlawfully searched the curtilage of Wojciechowski's property without a warrant.

50.    On March 16, 2022, NPR, via its agents and employees, including Driscoll, Morgan, Jay, Remiesiewicz, Norris, Byington, Williams, Ioppolo, Campbell, Gee, Darling, Bowman, and Gilson, and other personnel from NPR's Fire Department, forcibly entered Wojciechowski's property and unlawfully searched the property without probable cause and without a legal search warrant and/ or inspection warrant.

51.    NPR retained a locksmith to break into the Gulf Drive Property.

52.     At the direction of NPR's agents and employees, the locksmith entered Wojciechowski's property by drilling out the locks on the side door to Wojciechowski's property and prying open the door jam on the front door.

53.     Moreover, the locksmith replaced Wojciechowski's locks without Wojciechowski's knowledge or consent and failed to provide Wojciechowski with a key to the new lock(s).  Instead, the locksmith only provided the key to the new lock(s) to City officials.

54.     NPR, via its employees and/or agents, while acting under authority of the State of Florida and under color of law, willfully deprived Wojciechowski of her rights and privileges secured to her by the Constitution of the United States when they unlawfully searched the subject property on March 16, 2022, in violation of the Fourth Amendment of the United States Constitution.

55.     At all times material hereto, Driscoll, Morgan, Jay, Remiesiewicz, Norris, Byington, Williams, Ioppolo, Campbell, Gee, Darling, Bowman, and Gilson, acted with the authority possessed by them by virtue of their employment with NPR.

56.     As a result of Driscoll, Morgan, Jay, Remiesiewicz, Norris, Byington, Williams, Ioppolo, Campbell, Gee, Darling, Bowman, and Gilson's conduct, Wojciechowski's property was unlawfully searched without probable cause and without a legal search warrant and/ or inspection warrant on March 16, 2022.

57.     Wojciechowski's property was unlawfully searched in retaliation for speaking out about NPR's unlawful behavior.

58.     NPR, via its employees and/or agents, unlawfully searched Wojciechowski's property without giving her 24-hours notice that a warrant had been issued, as required under Fla. Stat. § 933.26.

59.     Furthermore, the purported Inspection Warrant only authorized Jay to enter the premises "with the presence of the owner or occupant over eighteen (18) years of age[.]"

60.     The owner or occupant over the age of eighteen (18) was not present when the property was searched.

61.     Therefore, the search was unlawful given that it violated the inspection warrant's requirement that the owner or occupant of the structure be present when the search is conducted.

62.     The property was also unlawfully searched by means of forcible entry without reasonable suspicion of a violation of state or local law or rule relating to municipal or county building, fire, safety, environmental, animal control, land use, plumbing, electrical, health, minimum housing, or zoning standards which, if such violation existed, would be an immediate threat to health or safety and without a showing of facts establishing that reasonable attempts to serve a previous warrant have been unsuccessful.

63.     Driscoll, Morgan, Jay, Remiesiewicz, Norris, Byington, Williams, Ioppolo, Campbell, Gee, Darling, Bowman, and Gilson, acting in the course

and scope of their duties as officers and/or city officials, took the actions complained of above with knowledge that their actions were in direct violation of the United States Constitution and Wojciechowski's rights.

WHEREFORE, *Michelle A. Wojciechowski* respectfully requests this Honorable Court to enter judgment against the *City of New Port Richey* and *Timothy Driscoll* for damages, interest, attorneys' fees, costs, and such further relief this Court deems just and proper.

## COUNT II: 42 U.S.C. § 1983 – RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

64.     Wojciechowski reasserts and realleges each and every allegation in Paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

65.     This is an action against NPR and Driscoll, for retaliation, in violation of the First Amendment of the United States Constitution, by and through 42 U.S.C. § 1983.

66.     At all times material hereto, Driscoll was an employee and/or agent of NPR and was acting within the course and scope of his employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of NPR.

67.     Wojciechowski often spoke at city council meetings and in other public forums about the unlawful actions of City employees, including but not limited to NPR's unlawful search of her property and NPR's failure to

comply with public records requests.[2]

68.      Wojciechowski's speech regarding the actions of City employees was political and/ or ideological speech, which is protected under the First Amendment of the United States Constitution.

69.      In retaliation for exercising her First Amendment right to free speech, the Defendants threatened, harassed, and intimidated Wojciechowski and cited her with baseless code violations in an attempt to adversely affect Wojciechowski's speech and to prevent her from speaking out further.

70.      In response to Wojciechowski's comments at City Council meetings, New Port Richey Mayor, Robert Marlowe, stated that those who are "weaponizing public records" (referring to Wojciechowski) should just get out of NPR - thereby violating Wojciechowski's first amendment right to free speech and NPR's duty to supply public records, in addition to publicly humiliating Wojciechowski and discouraging her from speaking at future city council meetings.

71.      Furthermore, on the same night Wojciechowski spoke at a City Council meeting, City Council Member, Kelly Mothershead, stated publicly that Wojciechowski would continue to be cited for additional code violations given that she publicly complained about the behavior of NPR officials.

---

[2] On numerous occasions, NPR failed to provide Wojciechowski with records that she paid for as part of her public records request(s).

72.     In retaliation for exercising her right to free speech, NPR did in fact cite Wojciechowski with purported code violations.

73.     On or about January 22, 2022, Wojciechowski also exercised her First Amendment right to free speech by posting a sign on her property criticizing NPR for engaging in unlawful behavior.

74.     Thereafter, several City employees discussed citing Wojciechowski with code violations in retaliation for posting the aforementioned sign(s) on her property.

75.     On January 24, 2022, City Code Enforcement Supervisor, Erik Jay, texted a photograph of the sign posted on Wojciechowski's property to City Manager, Deborah Manns.

76.     Manns responded by asking whether Wojciechowski could be cited with a code violation for posting the sign and if so, directing Jay to proceed with citing Wojciechowski. Jay responded with a text message explaining that Driscoll directed Morgan to "write her up again and go to county court." In other words, Driscoll directed Morgan to issue a code violation to Wojciechowski for posting the sign on her property.

77.     Again, NPR did in fact cite Wojciechowski with purported code violations in retaliation for exercising her right to free speech.

78.     On January 24, 2022, Wojciechowski received a violation notice for the sign indicating that Wojciechowski violated city code by leaving "construction material" on her property.

16

79.    Upon receiving notice of the purported code violation, Wojciechowski called City Code Enforcement Inspector, Alec Remiesiewicz, who stated that if she did not remove the sign from her property she would be fined daily and taken to county court.

80.    The code violations issued by NPR and the statements made by Remiesiewicz had an adverse effect on Wojciechowski's constitutionally protected speech.

81.    Wojciechowski removed the sign from her property out of fear of further reprisal based on the threats made by Remiesiewicz.

82.    NPR's employees and/or agents have also stalked and harassed Wojciechowski in retaliation for making public statements that were critical of NPR and its officials.

83.    Multiple NPR employees and city officials, acting in the course and scope of their employment, have come to Wojciechowski's property on numerous occasions to stalk, harass, and intimidate Wojciechowski and have repeatedly run her information through Florida's Driver and Vehicle Information Database (DAVID), without any basis for doing so, other than to retaliate against Wojciechowski.

84.    City officials have also sent police cars and other unmarked vehicles to sit outside Wojciechowski's property.

85.    In a further attempt to stalk and harass Wojciechowski, Defendants have also tracked the water usage activities at Wojciechowski's property to

determine when she was present.

86.     NPR's employees and/or agents, acting under color of law and pursuant to NPR's custom, policy, and practice, explicitly retaliated against Wojciechowski for exercising her clearly established right to free speech on issues of public concern as secured by the First Amendment of the United States Constitution, by and through 42 U.S.C. § 1983.

87.     NPR's employees and/or agents, acting under color of law, violated Wojciechowski's First Amendment rights.

88.     The retaliation was so severe and/or pervasive that a person of ordinary firmness would be deterred from exercising his/her First Amendment rights.

89.     At all times material hereto, NPR's employees and/or agents were prohibited from retaliating against its citizens who engaged in protected free speech on matters of public concern.

WHEREFORE, *Michelle A. Wojciechowski* respectfully requests this Honorable Court to enter judgment against the *City of New Port Richey* and *Timothy Driscoll* for damages, interest, attorneys' fees, costs, and such further relief this Court deems just and proper.

## COUNT III: VIOLATION OF 18 USC § 2721

90.     Wojciechowski reasserts and realleges each and every allegation in Paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

91.     This is an action against *Charles Morgan* for violation of the Driver

Privacy Protection Act ("DPPA"), 18 U.S. Code § 2721 et. seq.

92.     The Driver Privacy Protection Act, 18 U.S. Code § 2721 et. seq., prohibits persons from using "personal information" obtained from a "motor vehicle record" for any use not permitted under 18 USC § 2721 (b).

93.     "[P]ersonal information" is defined under the DPPA as "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 USC § 2725(3).

94.     A "motor vehicle record" is defined under the DPPA as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 USC § 2725(1).

95.     Morgan knowingly obtained and used personal information obtained from Wojciechowski's motor vehicle records to stalk and harass Wojciechowski in retaliation for exercising her right to free speech by making public statements that were critical of NPR and its officials.  This is not a use permitted under 18 USC § 2721 (b).

96.     Morgan, improperly obtained and used personal information from Wojciechowski's motor vehicle records through Florida's Driver and Vehicle Information Database (DAVID) on the following dates:

A. Morgan ran Wojciechowski's information through DAVID three (3) times on October 26, 2021;

B. Morgan ran Wojciechowski's information through DAVID three (3) times on November 2, 2021;

C. Morgan ran Wojciechowski's information through DAVID three (3) times on November 4, 2021;

D. Morgan ran Wojciechowski's information through DAVID six (6) times on February 8, 2022;

E. Morgan ran Wojciechowski's information through DAVID one (1) time on February 9, 2022;

F. Morgan ran Wojciechowski's information through DAVID two (2) times on March 17, 2022; and

G. Morgan ran Wojciechowski's information through DAVID five (5) times on April 21, 2022.

58.    Wojciechowski was injured when Morgan obtained and used her personal information without her consent and in violation of the DPPA.

59.    As a proximate result of Defendant's violation of the DPPA, pursuant to 18 USC § 2724, Wojciechowski is entitled to recover actual damages, but not less than liquidated damages in the amount of $ 2,500 per violation.

60.    In addition, Wojciechowski reserves the right to seek punitive damages under 18 USC § 2724(b)(2), upon a showing that Defendant's violations were willful and committed with a reckless disregard of the law.

61.     Finally, inasmuch as Defendant continues to illegally obtain and use personal information from Wojciechowski's motor vehicle records to stalk, harass, and retaliate against Wojciechowski, the Court should enter an injunction prohibiting such conduct.

WHEREFORE, *Michelle A. Wojciechowski* respectfully requests this Honorable Court to enter judgment against *Charles Morgan* for damages in the amount of not less than $2,500 per violation, plus interest, reasonable attorneys' fees, and costs pursuant to 18 USC § 2724 (b)(3), and such other and further relief as this Court deems just and proper.

## COUNT IV: MALICIOUS PROSECUTION

62.     Wojciechowski reasserts and realleges each and every allegation in Paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

63.     Wojciechowski files this cause of action against NPR and Driscoll for the malicious prosecution of Wojciechowski in criminal proceedings and code enforcement proceedings, without probable cause.

64.     On or about November 8, 2021, Defendants issued Wojciechowski with citations for purportedly violating New Port Richey Code Section 7.00.00 Zoning Violation and Sec. 6-20 Building without a Permit. *See* Citation Nos. 21-5596 and 21-5597. Both citations allege that the Subject Property is zoned as an office and that Wojciechowski improperly converted it into a residential property.

65.     Morgan was the Code Enforcement Officer that issued Citation Nos.

21-5596 and 21-5597.

66.     On or about January 11, 2022, NPR Special Magistrate, Brent E. Simon, dismissed Citation Nos. 21-5596 and 21-5597 against Wojciechowski.

67.     On or about February 8, 2022, the Defendants cited Wojciechowski for purportedly Building without a Permit in violation of Sec. 6-20 of NPR's Code of Ordinances. *See State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000038-MOAXWS, (Pasco Cty. Ct. 2022).

68.     Morgan was the Code Enforcement Officer that instituted Case No. 2022-MO-000038-MOAXWS against Wojciechowski.

69.     On or about February 8, 2022, the Defendants cited Wojciechowski with violating Section 7.10 of NPR's Land Development Code based on an alleged zoning violation. *See State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000039-MOAXWS, (Pasco Cty. Ct. 2022).

70.     Morgan was the Code Enforcement Officer that instituted Case No. 2022-MO-000039-MOAXWS against Wojciechowski.

71.     On or about April 22, 2022, the Defendants cited Wojciechowski for purportedly Building without a Permit in violation of Sec. 6-1 of NPR's Code of Ordinances. *See State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000102-MOAXWS, (Pasco Cty. Ct. 2022).

72.     Morgan was the Code Enforcement Officer that instituted Case No. 2022-MO-000102-MOAXWS against Wojciechowski.

73.     On or about April 22, 2022, the Defendants cited Wojciechowski with violating Section 8-1 of NPR's Code of Ordinances based on an alleged violation of the Fire Prevention Code. *See State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000103-MOAXWS, (Pasco Cty. Ct. 2022).

74.     Morgan was the Code Enforcement Officer that instituted Case No. 2022-MO-000103-MOAXWS against Wojciechowski.

75.     On or about May 6, 2022, the Defendants cited Wojciechowski with violating the Florida Building Code based on the alleged occupancy of the building without a certificate of occupancy. *See State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000114-MOAXWS (Pasco Cty. Ct. 2022).

76.     Morgan was the Code Enforcement Officer that instituted Case No. 2022-MO-000114-MOAXWS against Wojciechowski.

77.     On or about October 7, 2022, the Defendants cited Wojciechowski for allegedly Tampering with NPR's Water System in violation of Sec. 24-30 of NPR's Code of Ordinances. *See State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000190-MOAXWS, (Pasco Cty. Ct. 2022).

78.     City Code Enforcement Inspector, Alec Remiesiewicz, instituted Case No. 2022-MO-000190-MOAXWS against Wojciechowski.

79.     Defendants lacked probable cause to file the aforementioned

lawsuits against Wojciechowski.

80.     Defendants filed the subject lawsuits out of malice and ill will for Wojciechowski based on public statements she made that were critical of NPR's unlawful behavior.

81.     Defendants brought the subject lawsuits with the malicious intent to retaliate against Wojciechowski for criticizing NPR and its officials, and to ultimately force her out of NPR.

82.     Defendants knew the subject lawsuits lacked merit; therefore, Defendants were forced to dismiss the lawsuits against Wojciechowski.

83.     On or about December 14, 2022, Defendants filed a Nolle Prosequi dismissing with prejudice Case Nos. 2022-MO-000038-MOAXWS, 2022-MO-000039-MOAXWS,   2022 -MO-000102 -MOAXWS,   2022 -MO-000103 - MOAXWS,   2022 - MO- 000114 - MOAXWS       against Wojciechowski.

84.     Shortly thereafter, the Defendants filed a Nolle Prosequi on or about January 6, 2023, dismissing with prejudice Case No. 2022-MO-000190-MOAXWS against Wojciechowski.

85.     Therefore, there was a bona fide termination of the proceedings in favor of Wojciechowski.

86.     Wojciechowski was damaged as a direct and proximate result of Defendants' malicious prosecution of the subject lawsuits.

87.     Wojciechowski was forced to hire an attorney to defend against the

Defendants' baseless claims and incurred over $60,000.00 defending against the subject lawsuits.

88.     Wojciechowski was forced to leave her job and had to turn down a new job offer due to the time she had to spend defending against Defendants' baseless lawsuits, therefore resulting in lost income.

89.     Wojciechowski was also forced to leave her job due to the mental and emotional toll of having to defend against a barrage of frivolous lawsuits.

WHEREFORE, *Michelle A. Wojciechowski* respectfully requests this Honorable Court to enter judgment against the *City of New Port Richey* and *Timothy Driscoll*, for damages, interest, attorneys' fees, costs, and such further relief this Court deems just and proper.

## COUNT V: ABUSE OF PROCES

90.     Wojciechowski reasserts and realleges each and every allegation in Paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

91.     Wojciechowski files this cause of action against *City of New Port Richey, Timothy Driscoll*, and *Charles Morgan*, for abuse of process based on Defendants unlawful, improper, and perverted use of criminal actions and code enforcement proceedings against Wojciechowski.

92.     Defendants used criminal actions and code enforcement proceedings for the improper purpose of harassing and intimidating Wojciechowski and with the ultimate goal of driving Wojciechowski out of NPR.

93.     Defendants also cited Wojciechowski with alleged code violations

and instituted criminal proceedings against Wojciechowski based on the alleged code violations to retaliate against her for criticizing NPR and its officials for engaging in unlawful behavior.

94.     On or about November 8, 2021, Defendants issued Wojciechowski with citations for purportedly violating New Port Richey Code Section 7.00.00 Zoning Violation and 6-20 Building without a Permit. *See* Citation Nos. 21-5596 and 21-5597. Both citations allege that the Subject Property is zoned as an office and that Wojciechowski improperly converted it into a residential property.

95.     Morgan was the Code Enforcement Officer that issued Citation Nos. 21-5596 and 21-5597.

96.     On or about January 11, 2022, NPR Special Magistrate, Brent E. Simon, dismissed Citation Nos. 21-5596 and 21-5597 against Wojciechowski.

97.     On or about February 8, 2022, the Defendants cited Wojciechowski for purportedly Building without a Permit in violation of Sec. 6-20 of NPR's Code of Ordinances and for violating Section 7.10 of NPR's Land Development Code based on an alleged zoning violation. *See State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000038-MOAXWS, (Pasco Cty. Ct. 2022); *see also State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000039-MOAXWS, (Pasco Cty. Ct. 2022).

98.     Morgan was the Code Enforcement Officer that instituted Case No. 2022-MO-000038-MOAXWS and Case No. 2022-MO-000039-MOAXWS against Wojciechowski.

99.     On or about April 22, 2022, the Defendants cited Wojciechowski for purportedly Building without a Permit in violation of Sec. 6-1 of NPR's Code of Ordinances and for violating Section 8-1 of NPR's Code of Ordinances based on an alleged violation of the Fire Prevention Code. *See State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000102- MOAXWS, (Pasco Cty. Ct. 2022); *see also State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000103-MOAXWS, (Pasco Cty. Ct. 2022).

100.    Morgan was the Code Enforcement Officer that instituted Case No. 2022-MO-000102-MOAXWS and Case No. 2022-MO-000103-MOAXWS against Wojciechowski.

101.    On or about May 6, 2022, the Defendants cited Wojciechowski with violating the Florida Building Code based on the alleged occupancy of the building without a certificate of occupancy. *See State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000114-MOAXWS (Pasco Cty. Ct. 2022).

102.    Morgan was the Code Enforcement Officer that instituted Case No. 2022-MO-000114-MOAXWS against Wojciechowski.

103.    On or about October 7, 2022, the Defendants cited Wojciechowski for allegedly Tampering with NPR's Water System in violation of Sec. 24-30

of NPR's Code of Ordinances. *See State of Florida v. Michelle Wojciechowski*, Case No. 2022-MO-000190-MOAXWS, (Pasco Cty. Ct. 2022).

104.    City Code Enforcement Inspector, Alec Remiesiewicz, instituted Case No. 2022-MO-000190-MOAXWS against Wojciechowski.

105.    Defendants lacked probable cause to file the aforementioned lawsuits against Wojciechowski.

106.    Nevertheless, Defendants instituted these actions against Wojciechowski for the improper purpose of harassing and intimidating Wojciechowski and to retaliate against her for publicly criticizing NPR and its officials.

107.    Defendants also used these actions to obtain an inspection warrant without probable cause, based on Defendants false allegations against Wojciechowski.

108.    On March 16, 2022, NPR forcibly entered Wojciechowski's property with guns drawn and proceeded to search the property pursuant to the unlawful inspection warrant.

109.    Defendants used the inspection warrant to search Wojciechowski's property to try to obtain evidence of code violations to support their claims against Wojciechowski.

110.    Defendants also used the inspection warrant for the unlawful purpose of searching through Wojciechowski's trash and personal

belongings.[3]

111.    Wojciechowski was damaged as a direct and proximate result of the Defendants' abuse of process.

112.    Wojciechowski was forced to hire an attorney to defend against the Defendants' baseless claims and incurred over $60,000.00 defending against the subject lawsuits.

113.    Wojciechowski was forced to leave her job and had to turn down a new job offer due to the time she had to spend defending against the Defendants' baseless lawsuits, therefore resulting in lost income.

114.    Wojciechowski was also forced to leave her job due to the mental and emotional toll of having to defend against a barrage of frivolous lawsuits.

115.    In addition, Wojciechowski reserves the right to seek punitive damages upon a showing that Defendant's violations were willful and/ or committed with a conscious disregard or indifference to Wojciechowski's rights.

WHEREFORE, *Michelle A. Wojciechowski* respectfully requests this Honorable Court to enter judgment against the *City of New Port Richey* for damages, interest, attorneys' fees, costs, and such further relief this Court deems just and proper.

## COUNT VI: NEGLIGENT HIRING OF CITY EMPLOYEES

---

[3] As explained above, Defendants illegally searched Wojciechowski's property for the improper purpose of harassing and intimidating Wojciechowski and to retaliate against her for publicly criticizing NPR and its officials.

116.    Wojciechowski reasserts and realleges each and every allegation in Paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

117.    This is an action for Negligent Hiring against NPR based on the hiring of Morgan as a Code Enforcement Officer for NPR.

118.    In October of 2017, Morgan was hired by NPR as a Code Enforcement Officer.

119.    Based on NPR's required qualifications for the position, Morgan was required to either be certified by the Florida Association of Code Enforcement ("FACE") or to secure FACE certification within twelve (12) months of employment.

120.    Morgan was not FACE certified at the time of employment and failed to obtain FACE certification within twelve (12) months of employment.

121.    Despite the fact that Morgan was not qualified for the position, NPR hired Morgan based on his "past experience" as a Code Enforcement Officer for the City of St. Petersburg, Florida.

122.    However, upon information and belief, the City of St. Petersburg terminated and/ or disciplined Morgan for inefficiency, neglect, and/ or the falsification of records in the Spring of 2017.

123.    Based on the foregoing, NPR knew or in the exercise of reasonable diligence should have known that Morgan was not qualified to serve as a Code Enforcement Officer for NPR.

124.    Furthermore, NPR knew or should have known that Morgan was unfit to perform the duties for which he was employed and that an undue risk to persons such as Wojciechowski would exist because of the employment.

125.    NPR was required to make an appropriate investigation into Morgan's background and qualifications before hiring him as a code enforcement officer and failed to do so.

126.    An appropriate investigation would have revealed that Morgan was not qualified for the position and was unsuitable to perform the duties of a Code Enforcement Officer or was not suitable for employment in general.[4]

127.     It was unreasonable for NPR to hire Morgan in light of the information NPR knew or should have known.

128.    Wojciechowski was damaged as a direct and proximate result of NPR's negligent decision to hire Morgan as a Code Enforcement Officer.

WHEREFORE, *Michelle A. Wojciechowski* respectfully requests this Honorable Court to enter judgment against the *City of New Port Richey* for damages, interest, costs, and such further relief this Court deems just and proper.

## COUNT VII: NEGLIGENT TRAINING AND SUPERVISION OF CITY EMPLOYEES AND OFFICIALS

129.    Wojciechowski reasserts and realleges each and every allegation in Paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

---

[4] Furthermore, on January 3, 2022, Plaintiff sent a grievance to NPR Manager, Deborah Manns, notifying NPR of Morgan's lack of qualifications.

130.    This is an action for damages against NPR based on NPR's negligent training and supervision of its agents and employees.

131.    At all times material hereto, the actions and/or inactions of NPR were undertaken, and/or not undertaken, by individuals who were the employees or agents of NPR, each of whom acted within the course and scope of their employment.

132.    NPR negligently trained and supervised its Code Enforcement Officers, such as Morgan, Jay, and Remiesiewicz in carrying out their duties as code enforcement officers.

133.    The negligent acts committed by NPR in its training and supervision of Morgan, Jay, Remiesiewicz, and other Code Enforcement Officers include but are not limited to the following:

    A.    Failing to adequately train code enforcement officers such as Morgan, Jay, and Remiesiewicz on how to implement and comply with NPR's code enforcement procedures under Sec. 2-265 of NPR's Code of Ordinances.

    B.    Failing to adequately train code enforcement officers such as Morgan, Jay, and Remiesiewicz on how to perform their duty to enforce NPR's codes and ordinances.

    C.    Failing to adequately train code enforcement officers such as Morgan on how to comply with NPR's hearing procedures for code enforcement actions under Sec. 2-268 of NPR's Code of

Ordinances.

D.    Giving Code Enforcement Officers such as Morgan and Remiesiewicz carte blanche authority to issue citations for alleged code violations without reasonable cause to support the alleged violations.

E.    Allowing and encouraging Code Enforcement Officers such as Jay, Morgan and Remiesiewicz to issue citations for alleged code violation(s) without first conducting a proper investigation into the alleged violation(s) prior to issuing the citation(s).

F.    Allowing Code Enforcement Officers such as Morgan to stalk and harass property owners such as Wojciechowski based on alleged code violations.

G.    Failing to adequately train Code Enforcement Officers such as Jay and Remiesiewicz on how to properly execute an inspection warrant in compliance with NPR's Code of Ordinances.

H.    Failing to adequately train Code Enforcement Officers such as Morgan and Jay on how and when personal information can be used from a motor vehicle record in accordance with the Driver Privacy Protection Act ("DPPA"), 18 U.S. Code § 2721 et. seq.

I.    Failing to properly monitor and supervise Code Enforcement Officers such as Morgan, Jay, and Remiesiewicz to ensure they were properly executing their duties as Code Enforcement Officers

in compliance with NPR's Codes and Ordinances.

129.    Plaintiff suffered damages as a direct and proximate result of NPR's negligent training and supervision of its employees and agents, including Code Enforcement Officers such as Morgan, Jay, and Remiesiewicz.

130.    Plaintiff was stalked and relentlessly harassed by NPR's Code Enforcement Officers including but not limited to Morgan, Jay, and Remiesiewicz, as a direct and proximate result of NPR's negligent training and supervision of its employees and agents.

131.    Furthermore, NPR's agents and employees including Jay, Remiesiewicz, and Driscoll, trespassed and unlawfully searched Wojciechowski's property on March 16, 2022, based on NPR's negligent training and supervision of its employees and agents.

132.    NPR's code enforcement officers including Morgan, Jay, and Remiesiewicz, cited Wojciechowski with numerous code violations without reasonable cause to support the alleged violations based on NPR's negligent training and supervision of its employees and agents, thereby forcing Wojciechowski to incur substantial attorney's fees and costs to defend against the alleged violations.

133.    NPR also negligently trained and supervised its public records custodian(s). NPR failed to train its public records custodians in how to properly respond to public records requests in compliance with Chapter 119, Florida Statutes, and failed to monitor and supervise said custodians  to

34

ensure compliance with said Statutes.

134.    NPR failed to respond to numerous public records requests submitted and paid for by Wojciechowski.

135.    Therefore, Wojciechowski suffered damages as a direct and proximate result of NPR's negligent training and supervision of its public records custodians.

136.    NPR knew or should have known that without the proper training and supervision, its agents and employees posed an undue risk to persons such as Wojciechowski.

137.    On numerous occasions, NPR was put on notice of the misconduct of its agents and employees, and their inadequate training.

138.    For instance, on January 3, 2022, Wojciechowski sent a grievance to NPR Manager, Manns, notifying NPR of Morgan's lack of qualifications and inadequate training.

139.    Moreover, in August of 2022, Wojciechowski notified NPR's City Council of training deficiencies and Code Enforcement's weaponization of code enforcement proceedings.[5]

140.    NPR was also put on notice that code enforcement officers were misusing Florida's Driver and Vehicle Information Database (DAVID).

---

[5] Wojciechowski is not the only citizen that has put NPR on notice of misconduct by its code enforcement officers, building officials, and other City officials. *See e.g., Howarth v. City of New Port Richey*, No. 8:18-cv-2134-T-AAS, 2019 U.S. Dist. LEXIS 140527, (M.D. Fla. Aug. 20, 2019).

141.    Pursuant to Section 2.09 of NPR's Charter, the "city council may make investigations into the affairs of NPR and the conduct of any city department, office or agency[.]"

142.    However, instead of investigating the alleged misconduct and providing its agents and employees with the proper training and supervision, NPR chose to award its agents and employees with performance raises despite their reported misconduct.

143.    NPR exhibited deliberate indifference to Wojciechowski's rights by failing to act after receiving substantial evidence of employee misconduct.

WHEREFORE, *Michelle A. Wojciechowski* respectfully requests this Honorable Court to enter judgment against the *City of New Port Richey* for damages, interest, costs, and such further relief this Court deems just and proper.

## COUNT VIII: TRESPASS

144.    Wojciechowski reasserts and realleges each and every allegation in Paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

145.     This is an action for trespass against NPR and Driscoll, seeking damages to real property.

146.     Wojciechowski is the record owner of certain real property situated in Pasco County, Florida, identified as Parcel ID 08-26-16-0270-00500-0010, with a street address of 5445 Gulf Drive, New Port Richey, Florida 34652 (hereinafter the "Property").

147.    Wojciechowski is, and was at all relevant times, in lawful possession

of the Property.

148.   On March 16, 2022, Defendants willfully entered Wojciechowski's property without permission from Wojciechowski to perform an illegal search of Wojciechowski's property based on an unlawful inspection warrant.

149.   The purported Inspection Warrant only authorized Code Enforcement Officer, Erik Jay, to enter the premises "with the presence of the owner or occupant over eighteen (18) years of age[.]"

150.   The owner or occupant over the age of eighteen (18) was not present when the property was searched.

151.   Therefore, Defendants were not authorized to enter Wojciechowski's Property.

152.   Nevertheless, Defendants directed a locksmith to break into Wojciechowski's property and replace the locks with new locks – with key(s) that were only provided to Defendants.

153.   Defendants proceeded to unlawfully search Wojciechowski's property in violation of the inspection warrant's requirement that the owner or occupant of the structure be present when the search is conducted.[6]

154.   The purported Inspection Warrant was issued for the "purposes of determining whether violations of NPR's codes and ordinances exist."

---

[6] Defendants obstructed the view of Wojciechowski's personal security cameras in an effort to conceal their unlawful actions.

155.    Nevertheless, NPR's agents and employees were recorded searching through Wojciechowski's personal bags and bins.  Specifically, Driscoll was recorded searching through Wojciechowski's bins.[7]

156.    Furthermore, the Inspection Warrant only authorized Jay to enter the property "with such lawful assistance as may be necessary[.]"

157.    At least thirteen City officials searched Wojciechowski's property, including Driscoll, Jay, three (3) Code Enforcement Officers, a police sergeant, two (2) police corporals, a police detective, a police officer, NPR's Assistant Fire Chief, a City Planner, and a City Building Official.  These officials eventually called NPR's fire department, who responded by sending several firemen that also entered Wojciechowski's property.

158.    Therefore, a total of at least thirteen (13) City officials trespassed onto Wojciechowski's property to "search" the property pursuant to an unlawful inspection warrant.  The presence of these officials was not necessary to execute the Inspection Warrant.

159.    Wojciechowski was the owner of the Property during the times Defendants trespassed.

160.    As a result of Defendants' trespass, Wojciechowski has been damaged.

---

[7] While searching Wojciechowski's property, NPR's agents and employees took photographs of Wojciechowski's personal belongings, including birthday cards, degrees, and employment accolades. The photographed items were entirely unrelated to the alleged code violations that served as the basis for the inspection warrant that was unlawfully obtained by NPR.

161.    In addition to prying open Wojciechowski's front door and drilling out the locks on Wojciechowski's side door, NPR's agents and employees also broke a second story window on Wojciechowski's property.

162.    Defendants' actions also caused Wojciechowski to suffer mental and emotional distress.

WHEREFORE, *Michelle A. Wojciechowski* respectfully requests judgment against Defendants, *City of New Port Richey* and *Timothy Driscoll*, for civil trespass, damages, costs, plus any and all other relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Wojciechowski respectfully requests a jury trial on all issues above.

Respectfully submitted,

*/s/ Kevin Ross-Andino*
Kevin K. Ross-Andino, FBN 66214
kevin.ross@eclatlaw.com
Nikki Pappas Hudson, FBN 126355
nikki.pappas@eclatlaw.com
Jolynn M. Falto, FBN 1002743
Jfalto@eclatlaw.com

éclat Law, PA
307 Cranes Roost Boulevard # 2010
Altamonte Springs, Florida 32701
Phone: (407) 636-7004

*Counsel for Plaintiff*