UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE A. WOJCIECHOWSKI,

    Plaintiff,

v.                                                    CASE NO. 8:23-cv-1885-SDM-TGW

CITY OF NEW PORT RICHEY, et al.,

    Defendants.
_____/

**ORDER**

Alleging that several employees and agents of the City of New Port Richey stalked, harassed, and forced her to leave the City, Michelle A. Wojciechowski sues the City; Timothy Driscoll, the City's attorney; and Charles Morgan, a code enforcement officer, and asserts claims under 42 U.S.C. § 1983, 18 U.S.C. § 2721, and Florida tort law. Each defendant moves (Docs. 24, 25, and 28) to dismiss. Wojciechowski opposes (Docs. 35, 36, and 37) each motion to dismiss.

**BACKGROUND**[1]

Intending to open a "psychiatric and mental health therapy practice," Wojciechowski, a licensed nurse practitioner, purchased property located at 5445 Gulf Drive, New Port Richey, Florida. Wojciechowski believed that she could use

---

[1] During the resolution of a motion to dismiss, each well-pleaded allegation of fact is assumed true.

the property and the structure on the property as an office and a residence. Attempting to learn which permits and licenses she needed for the practice, Wojciechowski spoke with an employee of the City's Building Department. The employee told Wojciechowski that "'methadone clinics' were not welcome" and refused to speak further with Wojciechowski.

After Wojciechowski spoke with the employee, Morgan cited Wojciechowski with a "code violation" for using the Gulf Drive property as a residence. When she received the citation, the property was vacant. Wojciechowski attempted to speak to City officials, who declined to return Wojciechowski's calls and e-mails. Wojciechowski attended city council meetings and began "speaking out about the [allegedly] unlawful actions of [City] employees." The City began citing Wojciechowski with other "code violations" and criminally prosecuted Wojciechowski based on the alleged violations. For example, the City cited Wojciechowski for improperly converting the property into a residence, for building without a permit, for "violating the Florida Building Code based on the alleged occupancy of the building without a certificate of occupancy," for allegedly tampering with the City's water system, and for placing a sign on the property that criticized the City. The City eventually dismissed each criminal action against Wojciechowski. According to Wojciechowski, a city council member told Wojciechowski that the City would continue to cite Wojciechowski if she continued to "complain[] about the behavior of [City] officials." Also, during Wojciechowski's conflict with the City, Morgan used Florida's Driver and Vehicle Information Database (DAVID) to obtain

Wojciechowski's personal information, and the City caused police to park in marked patrol cars in spaces adjoining the Gulf Drive property.

Based on the allegedly unwarranted code violations, the defendants obtained an inspection warrant for the Gulf Drive property. Driscoll, Morgan, several law enforcement officers, and others broke into the structure on the Gulf Drive property and without Wojciechowski present searched the trash cans on the property, searched the structure, and searched Wojciechowski's personal property and furniture. Further, a locksmith hired by the City changed the lock on the structure's door. Wojciechowski submitted grievances and written complaints, which resulted in no discipline by the City. Instead, the mayor "stated . . . that Wojciechowski and others like her should 'just go away.'" Wojciechowski eventually left New Port Richey.

Wojciechowski sues the City, Driscoll, and Morgan. The complaint comprises eight counts. Count I asserts against the City and Driscoll a Section 1983 claim for the allegedly unlawful search of the Gulf Drive property. Count II asserts against the City and Driscoll a Section 1983 claim for the alleged retaliation against Wojciechowski after she spoke against the City and criticized the City. Count III asserts against Morgan a claim under 18 U.S.C. § 2721 for Morgan's allegedly improperly obtaining Wojciechowski's personal information. Count IV asserts against the City and Driscoll a claim for malicious prosecution based on the City's prosecuting Wojciechowski for the allegedly unwarranted code violations. Count V asserts

against the City, Driscoll, and Morgan[2] a claim for abuse of process based on the City's allegedly harassing Wojciechowski with baseless citations for code violations and with criminal actions. Count VI asserts against the City a claim for negligent hiring based on the City's hiring Morgan as a code enforcement officer. Count VII asserts against the City a claim for negligent training and supervision based on the allegedly wrongful conduct of Morgan and other code enforcement officers. Count VIII asserts against the City and Driscoll a claim for trespass based on the allegedly unlawful search of the Gulf Drive property. Each defendant moves to dismiss the claims asserted against that defendant.

## ANALYSIS

**I.    The City's motion to dismiss**

The City argues for dismissal of Wojciechowski's claims against the City (1) because several claims lack sufficient supporting allegations, (2) because Wojciechowski fails to establish that a "policy" or "custom" of the City caused the alleged injury on which Wojciechowski premises her Section 1983 claims (Counts I and II), and (3) because the City enjoys sovereign immunity from liability for Wojciechowski's claims for malicious prosecution (Count IV) and negligent hiring, training, and supervision (Counts VI and VII). A review of the complaint confirms that the allegations, which are assumed true when evaluating a motion to dismiss,

---

[2] Although the complaint asserts both Count III and Count V against Morgan, the parties apparently agree that Count III is the only claim asserted against Morgan. (Doc. 1 ¶ 91; Doc. 25 at 2; Doc. 37 at 2) This order dismisses the complaint with leave to amend. In any amended complaint, Wojciechowski must in each Count identify the defendant or defendants against whom that Count states a claim.

- 4 -

sufficiently support the claims that Wojciechowski asserts against the City and that the City can understand and respond to Wojciechowski's claims.  However, whether Wojciechowski establishes a "custom" or "policy" and whether the City enjoys sovereign immunity warrant further discussion.

### A.   "Policy" or "Custom" (Counts I and II)

To assert a Section 1983 claim against the City, Wojciechowski must establish that a "policy" or "custom" of the City caused her alleged injury.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997), explains that:

> A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479–80 (11th Cir. 1991). A custom is a practice that is so settled and permanent that it takes on the force of law. *Monell*, 436 U.S. at 690–91[.]

A city's protracted failure to train its employees might establish a "policy" or "custom" if the failure to train "evidences a 'deliberate indifference' to the rights" of the citizens.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).  Also, the "persistent failure to take disciplinary action against officers can give rise to the inference that a municipality has ratified conduct."  *Salvato v. Miley*, 790 F.3d 1286, 1297 (11th Cir. 2015).

Wojciechowski's allegations are sufficient to establish that the City's "policy" or "custom" caused the allegedly unlawful search of Wojciechowski's property and caused the alleged retaliation against Wojciechowski after she criticized the City.

Wojciechowski alleges that City officials with decision-making authority adopted and amended city building codes and ordinances to prevent Wojciechowski from using the Gulf Drive property. (Doc. 1 ¶ 39) Further, according to Wojciechowski, the city failed to discipline or otherwise correct any allegedly unlawful action by any City employee despite Wojciechowski's complaints to the City. Wojciechowski's allegations sufficiently establish a "policy" or "custom."

**B.     Sovereign Immunity (Counts IV, VI, and VII)**

Section 768.28(9)(a), Florida Statutes, explains:

> The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers is by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

In other words, the City is liable for any tort, negligent or intentional, by an employee unless the employee's tort was "committed outside the course and scope of [the employee's] employment or unless the [employee] was acting in bad faith or with a malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Richardson v. City of Pompano Beach*, 511 So. 2d 1121, 1123 (Fla. 4th DCA 1987).

But Section 768.28(9)(a) permits no claim based on a "discretionary . . . governmental act," that is, an "act [that] involved an exercise of executive or legislative power such that, for the court to intervene by way of tort law, it inappropriately

- 6 -

would entangle itself in fundamental questions of policy and planning." *Kaisner v. Kolb*, 543 So. 2d 732, 733, 737 (Fla. 1989).  An act is "discretionary" if:

> (1) the action involves a basic governmental policy, program, or objective; (2) the action is essential to the realization or accomplishment of that policy, program, or objective; (3) the action require[s] the exercise of basic policy evaluation[s], judgment[s], and expertise on the part of the governmental agency involved; and (4) the governmental agency involved possess[es] the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision.

*Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1264 (11th Cir. 2001) (quoting *Trianon Park Condo. Ass'n, Inc. v. City of Hialeah*, 468 So. 2d 912, 918 (Fla. 1985)) (alterations in original).  For example, a decision to hire or fire an agency head or a city-policy decision about the content of a training for employees might constitute a discretionary decision.  *Lewis*, 260 F.3d at 1266; *Storm v. Town of Ponce Inlet*, 866 So. 2d 713, 719 (Fla. 5th DCA 2004).

The City contends that sovereign immunity bars Wojciechowski's claim for malicious prosecution (Count IV).  Because malicious prosecution necessarily requires malice by the defendant, Section 768.28(9)(a) permits against a city no claim for malicious prosecution.  *Irani v. City of Hallandale*, 756 So. 2d 110 (Fla. 4th DCA 1999); *Johnson v. State Dep't of Health & Rehab. Servs.*, 695 So. 2d 927, 930 (Fla. 2d DCA 1997).  In any event, Wojciechowski agrees to "withdraw" her malicious prosecution claim against the City.

Also, the City contends that sovereign immunity bars Wojciechowski's claims for negligent hiring, training, and supervision (Counts VI and VII) because the City's decisions about hiring, training, and supervision are discretionary.  Although a city

might enjoy sovereign immunity for a claim premised on a discretionary hiring or training decision (such as a decision to hire an agency head), not every hiring or training decision is "discretionary." The City enjoys no sovereign immunity for hiring Morgan as a code enforcement officer, who is neither an agency head nor an executive appointee. *See Fla. Off. of Fin. Regul. v. Grippa*, 332 So. 3d 42, 43–44 (Fla. 1st DCA 2021); *Willis v. Dade Cnty. Sch. Bd.*, 411 So. 2d 245, 246 (Fla. 3d DCA 1982).

As pleaded, however, Wojciechowski's allegations appear to challenge the City's discretionary decision about the substance of the training for code enforcement officers and for "public records custodians." In her response, Wojciechowski explains that she premises her negligent-training claim on the implementation and operation of the City's training, not the substance of the City's codes, statutes, or policies. The City enjoys no sovereign immunity against claims based on the implementation of a policy or plan. *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1118 (11th Cir. 2005) (citing *Henderson v. Bowden*, 737 So.2d 532, 538 (Fla.1999)). To permit Wojciechowski to clarify which aspects of the City's training she challenges and to permit Wojciechowski to assert her claims for negligent supervision and negligent training in separate counts in accord with Rule 10, Federal Rules of Civil Procedure, dismissal without prejudice of Count VII is warranted.

## II.  Driscoll's Motion to Dismiss

Wojciechowski alleges that Driscoll led the allegedly unlawful search of the Gulf Drive property but otherwise fails to establish what actions by Driscoll constitute retaliation, malicious prosecution, or abuse of process. A complaint must give a

defendant "adequate notice of the claims against [the defendant] and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Wojciechowski asserts against Driscoll Wojciechowski's Section 1983 claims for an unlawful search and retaliation and Wojciechowski's Florida tort claims for malicious prosecution, abuse of process, and trespass. The complaint, however, accuses the "defendants" (without specifying which defendant or defendants) or the City of retaliating against Wojciechowski by citing her for unwarranted code violations and by "harassing and intimidating" Wojciechowski with baseless criminal actions. Drisoll's role in this conduct is at best opaque, and as pleaded the allegations suggest that Wojciechowski attempts claims against Driscoll based on the conduct of other City employees.

Also, as discussed, the City, not the City's employee or agent, is liable for any tort, negligent or intentional, by an employee unless the employee's tort is "committed outside the course and scope of [the employee's] employment or unless the [employee] was acting in bad faith or with a malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Richardson*, 511 So. 2d at 1123. "In any given situation either the agency can be held liable under Florida law, or the employee, but not both." *McGhee v. Volusia County*, 679 So. 2d 729, 733 (Fla. 1996). Wojciechowski must plead her Florida tort claims against either the City or against the City's employee or agent, not both. The complaint warrants dismissal to permit Wojciechowski to amend the complaint to clarify what

conduct by Driscoll caused Wojciechowski's alleged injury and to clarify against which defendant Wojciechowski asserts each Florida tort claim.

### III.   Morgan's Motion to Dismiss

Wojciechowski claims that in violation of 18 U.S.C. §§ 2721 and 2724 Morgan obtained Wojciechowski's "personal information" from a "motor vehicle record." Under Section 2724, a person may not obtain or disclose personal information from a motor vehicle record unless the person obtained or disclosed the information for a "permitted" purpose. Section 2721 lists the "permissible uses" for the personal information. For example, a person may obtain personal information for "use by any government agency . . . in carrying out its functions" or for "use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body[.]" *See Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A.*, 525 F.3d 1107, 1109 (11th Cir. 2008). Even an employee of a government agency violates Section 2724 if the employee obtains personal information for some impermissible use, such as an employee's obtaining the information "purely out of curiosity" and not for an official government "function." *See McCrae v. Broward Sheriff's Off.*, 2016 WL 1055093, at *5 (S.D. Fla. 2016) (Hunt, M.J.).

Wojciechowski lists several days on which Morgan allegedly obtained Wojciechowski's personal information from a "motor vehicle record" and alleges that Morgan's purpose for obtaining the information was not a "permissible use." Rather, according to Wojciechowski, Morgan obtained the information to facilitate

- 10 -

the City's alleged stalking, harassment, and retaliation. These allegations, assumed true and construed favorably to Wojciechowski, sufficiently support a claim for a violation of Section 2724. Dismissal of Count III is unwarranted.[3]

## CONCLUSION

For these reasons, the City's motion (Doc. 28) to dismiss and Driscoll's motion (Doc. 24) to dismiss are **GRANTED-IN-PART**.[4] Morgan's motion (Doc. 25) to dismiss is **DENIED**. The complaint is **DISMISSED**. No later than **MAY 13, 2024**, Wojciechowski may amend the complaint in accord with this order.

ORDERED in Tampa, Florida, on April 25, 2024.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] Morgan's entitlement to qualified immunity is better resolved after Wojciechowski amends the complaint and after the parties develop the record during discovery. *See Pace v. City of Palmetto*, 2006 WL 2559513, at *4 (M.D. Fla. 2006) (Whittemore, J.).

[4] Driscoll's motion to dismiss includes a request to strike several allegations. Because this order dismisses the complaint, the request to strike is **DENIED AS MOOT**.